NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHRISTOPHER ERWIN, | : |
| Plaintiff, | : Civil No. 10-cv-03283 (AET) |
| v. | : **OPINION & ORDER** |
| WALLER CAPITAL PARTNERS, LLC, JOHN WALLER, and GARRETT BAKER, | : |
| Defendants. | : |

THOMPSON, U.S.D.J.

This matter has come before the Court upon Defendants Waller Capital Partners, LLC ("Waller Capital"), John Waller ("Waller"), and Garrett Baker's ("Baker") (collectively, "Defendants") Motion to Dismiss for lack of personal jurisdiction [docket #5]. The Court has decided the motion upon the submissions of both parties and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, Defendants' Motion to Dismiss is DENIED in part and GRANTED in part.

BACKGROUND

I.  **Employment Agreement**

Plaintiff Christopher Erwin is a legal resident of the State of New Jersey. (Br. in Opp. to Mot. to Dismiss 1.) [#7] Defendant Waller Capital is an investment banking firm organized as a limited liability company registered and located in New York City. (Compl. ¶ 1.) [#1] Plaintiff worked as an analyst at Waller Capital from 2006 to March 2010, at which time he resigned to attend business school. (Compl. ¶ 2.) In August 2009, Plaintiff submitted a compensation

1

proposal, to which Defendant Baker agreed in writing, specifying that Plaintiff was to be paid a base salary of $50,000, payments of $20,000 and $30,000 for bonuses earned in 2008, a full year bonus for 2009, and a partial year bonus for 2010 based on his then undetermined date of departure from the firm. (Compl. ¶ 4.) Defendant Waller Capital paid the base salary and both 2008 bonus amounts, but allegedly did not pay the bonuses owed for 2009 or 2010. (Compl. ¶ 7.)

### II.   Initial Action

On June 28, 2010, Plaintiff filed the Complaint [#1] against the Defendants alleging that they had breached his written employment agreement by failing to pay bonuses due in 2009 and 2010. Plaintiff's complaint also alleged the tort of conversion stemming from the diversion of the unpaid bonus funds to Defendants Waller and Baker (Compl. ¶ 11), tortious interference with Plaintiff's contract with Waller Capital (Compl. ¶ 12), fraudulent misrepresentation by Baker (Compl. ¶ 13), and *respondeat superior* liability of Waller Capital for Baker's misrepresentations (Compl. ¶ 14.) Plaintiff effected service on Defendants Waller and Waller Capital on May 30, 2010 by delivering a copy of the Summons and the Complaint to Waller—both in his individual capacity and on behalf of Waller Capital—at his vacation home in Mantoloking, NJ. Plaintiff served Defendant Baker by regular and certified mail, although Plaintiff never received a return receipt.

### III. Motion to Dismiss

On July 19, 2010, Defendants filed a Motion to Dismiss for lack of personal jurisdiction. Defendants assert that none of the acts alleged by Plaintiff occurred in New Jersey and that they lack any contacts with New Jersey that would provide this Court with jurisdiction over them. (Mem. in Supp. of Mot. to Dismiss 4.) [#5]  It is undisputed that Waller Capital is a New York limited liability company, that Waller Capital does not have an office in New Jersey, and that Waller and Baker are residents and citizens of the State of New York. (*Id.* 1–2.) It is also

undisputed that Plaintiff worked in Waller Capital's New York office, and that Plaintiff lived in a rented apartment in New York while working at Waller Capital. (*Id.* 1–2.)

Plaintiff asserts that personal jurisdiction is satisfied as to Waller and Waller Capital because they were both served in New Jersey. (Br. in Opp. 1.) [#7] Plaintiff further argues that, although he resided in New York while employed at Waller Capital, he was throughout this time a legal resident of New Jersey, and that Waller Capital authorized him to work for the firm at his legal residence in New Jersey on occasion. (*Id.* 1.) Plaintiff also points out that Waller Capital has had several clients located in New Jersey, that Waller has entertained clients as well as the employees of Waller Capital at his New Jersey residence, and that Plaintiff's colleagues visited clients in New Jersey on behalf of the firm. (*Id.* 2–4.)

Defendants dispute that Plaintiff's service on Waller Capital justifies personal jurisdiction. They argue that, under New Jersey Law, limited liability companies are treated as corporations as opposed to partnerships and that, accordingly, service alone is insufficient and minimum contacts with the forum state are necessary to satisfy due process. (Reply Memo 1–2.) [#10] To this end, Defendants argue that both Waller Capital and Baker lack sufficient contacts with the State of New Jersey. (*Id.* 3–6.) Finally, Defendants argue that there is no personal jurisdiction over Waller because any claim against Waller is dependent upon a finding against Waller Capital, over which this court lacks jurisdiction. (*Id.* 6.)

ANALYSIS

**I.      Legal Standard**

If a defendant challenges a court's personal jurisdiction over him, the plaintiff bears the burden of showing that personal jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). Plaintiff must sustain its burden of proof "through sworn affidavits or other competent evidence." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 101 (3d Cir. 2004). This

requires the plaintiff to allege with "reasonable particularity" facts that would establish sufficient contacts between the defendant and the forum. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). When deciding a motion to dismiss for lack of personal jurisdiction, the Court must accept the plaintiff's allegations as true, and resolve any factual disputes in favor of the non-moving party. *Toys "R" Us*, 318 F.3d at 457.

Rule 4(k) of the Federal Rules of Civil Procedure provides that proper service establishes personal jurisdiction over a non-resident defendant who would be subject to the jurisdiction of a court of general jurisdiction in the state in which the district court is located. Fed. R. Civ. P. 4(k)(1)(A). This Court must therefore refer to the laws of New Jersey to determine if personal jurisdiction exists. The primary method of obtaining jurisdiction over a defendant in the State of New Jersey is by personally serving the summons and complaint upon the Defendant within the state pursuant to New Jersey court rules. N.J. Ct. R. 4:4-4(a). Otherwise, service may be effected by mail. N.J. Ct. R. 4:4-4(b). If service is made outside of the state, New Jersey's long-arm statute allows the exercise of personal jurisdiction to the limits set by the Fourteenth Amendment's Due Process Clause. *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

The due process inquiry involves an assessment of whether a defendant established sufficient "minimum contacts" with the forum state so that the exercise of personal jurisdiction does not frustrate the concepts of fair play and substantial justice. *Intl. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Having minimum contacts with a forum provides "fair warning" to a defendant that he or she may be subject to suit in that state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Accordingly, each defendant's contacts with the forum state must be assessed individually. *Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 184 (3d Cir. 2000); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984). Moreover, actions taken by a business

organization within the forum state are not imputed to an individual defendant in determining personal jurisdiction unless the plaintiff establishes that the individual defendant actually took the specific action. *Educ. Testing Serv. v. Katzman*, 631 F. Supp. 550, 559 (D.N.J. 1986).

The Court may have either specific or general personal jurisdiction over a defendant. General personal jurisdiction may be established if the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000). Where the defendant's contacts do not rise to that level, specific personal jurisdiction may still exist where the defendant has purposefully directed his or her activities at the forum state and the litigation results from alleged injuries that arise out of or are related to those activities. *Burger King Corp.*, 471 U.S. at 471; *General Elec. Co. v. Deutz Ag.*, 270 F.3d 144, 150 (3d Cir. 2001).

## II.     Personal Jurisdiction Over Waller

The facts alleged by Plaintiff are sufficient to establish a prima facie case of specific personal jurisdiction over Defendant Waller. Under New Jersey Court Rule 4:4-4(a), service within the State of New Jersey is sufficient to establish personal jurisdiction over a defendant. N.J. Ct. R. 4:4-4(a). It is undisputed that Waller was properly served with a copy of the Summons and the Complaint at his Mantoloking, N.J. residence. Accordingly, this Court has jurisdiction over Waller.

Contrary to Defendants' assertion, Plaintiff's ability to proceed against Waller does not depend on a finding of liability on the part of Waller Capital. For example, Plaintiff has alleged that Waller and Baker tortiously interfered with Plaintiff's contract with Waller Capital. (Compl. ¶ 12.) Such a claim does not require this Court to hold Waller Capital liable to Plaintiff. *See Printing Mart-Morristown v. Sharp Electronics*, 116 N.J. 739, 751–52 (1989) (describing elements of tortious interference as 1) existence of contract, 2) intent or malice, 3) loss of contract

or prospective gain, and 4) damages); *see also Espinosa v. County of Union*, 212 Fed. App'x. 146, 157 (3rd Cir. 2007) (citing *Sharp*). Thus, this Court's jurisdiction over Waller is unchanged by the status of Waller Capital in the present action.

### III. Personal Jurisdiction Over Baker

Plaintiff states that Baker was served with process by mail at his New York office. (Br. in Opp'n Mot. to Dismiss 2.) [#7]  Because Baker was not served while present in the State of New Jersey, this Court must decide whether jurisdiction may be exerted over Baker under New Jersey's long-arm statute, which tracks the constitutional due process inquiry. Plaintiff alleges that Baker has sufficient contacts with New Jersey to satisfy both general and specific personal jurisdiction. This Court will address both possibilities in turn.

With regard to general personal jurisdiction, this Court finds that Baker, assessed as an individual defendant, lacks the "continuous and systematic" contacts required to satisfy due process. Plaintiff asserts that Waller Capital has maintained at least five clients based in New Jersey. (*Id.* at 9); (Erwin Certification ¶ 4, 5, 8, 9 & Ex. A, B, C.) [#7]  However, nowhere in any of the documents submitted by the Plaintiff does he assert that Baker himself actually met or serviced these clients. While the existence of these clients bears on personal jurisdiction over Waller Capital, general personal jurisdiction over Baker would not be justified given the lack of any allegation warranting the imputation of Waller Capital's contacts to Baker.

Absent general personal jurisdiction, this Court proceeds to an analysis of specific personal jurisdiction. Determining the existence of specific personal jurisdiction involves a three-part inquiry: (1) the defendant must have "purposefully directed his activities at the forum;" (2) the plaintiff's claim must "arise out of or relate to" the activities defendant purposefully directed at the forum; and (3) assertion of jurisdiction must comport with the concepts of "fair play and

substantial justice." *Kehm Oil v. Texaco*, 537 F.3d 290, 300 (3d Cir. 2008) (quoting *Burger King*, 471 U.S. at 472).

Plaintiff alleges that Baker fraudulently misrepresented that Waller Capital would pay Plaintiff the promised bonus amounts in order to induce him to continue his employment at Waller Capital, and that Baker diverted funds that should have been used to pay these bonuses. (Compl. ¶ 10, 13.) To the extent that these allegations are true, this Court cannot conclude that these representations were directed at the forum state of New Jersey.

At the time of the alleged representations, Plaintiff was already employed by Waller Capital, a New York limited liability. Additionally, Plaintiff, at the time of the representations and throughout his employment, resided in an apartment in New York City. Thus, any representations made to induce Plaintiff to continue employment at Waller Capital could not have been directed toward New Jersey. As to Plaintiff's allegation that Baker's knowledge that Plaintiff was a legal resident of New Jersey rose to the level of purposeful direction, (Br. in Opp. 8), we disagree. Even assuming that Plaintiff's status as a "legal resident" of New Jersey carries any weight, two established doctrinal principles caution against exercising personal jurisdiction over Baker.

First, an out-of-state defendant's contract with a resident of the forum cannot alone establish minimum contacts; rather, a court must consider the contract in the context of prior negotiations and contemplated future consequences. *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992), (citing *Burger King*, 471 U.S. at 479). At issue in this case are promises made in a written employment contract. The contract regarded work performed in New York for a New York limited liability company.[1] Accordingly, even if

---

[1] While Plaintiff was "authorized" to work for the firm in New Jersey, (Br. in Opp. 8), this Court is not inclined to hold work benefits such as telecommuting against an employer. Nor is the Court

Plaintiff were to be considered a New Jersey resident, the employment contract fails to establish minimum contacts with New Jersey.

Second, minimum contacts must be based on an act of the defendant; a consumer's actions in bringing a defendant's product into the forum state are an insufficient constitutional basis for personal jurisdiction. *Asahi Metal Industry Co. Ltd. v. Sup. Ct. Cal.*, 480 U.S. 102, 109 (1987) (discussing *World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 295 (1980)). The Court considers the rule applied to consumers in cases such as *World-Wide Volkswagen* equally applicable to employees of a company. Plaintiff has not alleged that Defendant reached out to New Jersey by conducting significant recruiting efforts in the state, or even that Plaintiff was himself recruited and hired out of New Jersey. Neither hiring nor entering into a compensation agreement with an employee who maintains a permanent residence in another state qualifies as purposeful direction on the part of the Defendants, particularly when the initial recruiting and later agreement negotiations appear to have taken place outside of the forum state.

Where the plaintiff's claim does not arise out of any purposeful direction at the forum on the part of the Defendant, no further inquiry into fair play and substantial justice is necessary. Thus, this Court does not have personal jurisdiction over Defendant Baker.

### IV. Personal Jurisdiction Over Waller Capital

The facts alleged by Plaintiff are sufficient to establish a prima facie case of personal jurisdiction over Defendant Waller Capital. Waller was served with process in New Jersey on behalf of Waller Capital, a limited liability company based in the State of New York. Because this case was originally filed in the Superior Court of New Jersey and Defendants were served

---

swayed by the Plaintiff's occasional work-related travel arrangements occasionally made out of Newark Liberty International Airport, given the irrelevance of Plaintiff's point of departure to the work performed at a particular destination.

prior to the removal of this action to federal court, this Court looks to the New Jersey Rules of Court regarding service of process and personal jurisdiction.

The Rules set out the requirements that service of process must meet for different corporate forms. For example, with respect to "partnerships and unincorporated associations," personal jurisdiction may be obtained "by serving a copy of the summons and complaint . . . on an officer or managing agent or, in the case of a partnership, a general partner." N.J. Ct. R. 4:4-4(a)(5). The Rules do not specifically use the word "limited liability company" or address the impact of service upon this particular form of business organization. However, it is this Court's view that limited liability companies fall under the category of "unincorporated associations" specified in N.J. Ct. R. 4:4-4(a)(5). This reading of "unincorporated associations" is consistent with this Court's prior decisions, *Golf Brothers, LLC v. Saker*, Civ. No. 09-2133, 2009 WL 1622787, at *1 (D.N.J. June 10, 2009) (stating that "limited liability companies are . . . unincorporated associations"), as well as recent decisions from other circuits, *see Gen. Tech. App, Inc. v. Extro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation . . . . It is an unincorporated association, akin to a partnership for diversity purposes . . . ."); *Busch v. Lee Enterprises, Inc.*, Civ. No. 09-780, 2009 WL 5126799 (S.D. Ill. Dec. 21, 2009) (noting that "a limited liability company ('LLC') is an unincorporated association, not a corporation").

This reading of Rule 4:4-4(a)(5) is also consistent with the powers that LLC members hold. A member or manager of an LLC has the power to lend or borrow money and assume obligations on behalf of the LLC. N.J. St. 42:2B-9. The ability of LLC members to bind the LLC suggests that in-state service upon an LLC member should be sufficient to establish personal

jurisdiction over the LLC.[2] Contrary to Defendants' assertion, the fact that LLC members are not themselves liable for the debts and obligations of the LLC, N.J. St. 42:2B-23, does not appear relevant to whether in-state service on LLC members provides personal jurisdiction over the LLC. Accordingly, no due process inquiry is required where a limited liability company is properly served within the State of New Jersey.

Waller Capital received service of process through Waller. Waller is the Chairman of Waller Capital. (Waller Decl. ¶ 1.) As the Chairman, Waller quite clearly constitutes an "officer or managing agent" of the company under Rule 4:4-4(a)(5). Because Waller received service on behalf of Waller Capital in the State of New Jersey, this Court has personal jurisdiction over Waller Capital.[3]

---

[2] While Defendant relies on *NYDIC Mgmt. Servs. v. DS Montvale, L.L.C.*, 2008 WL 110392, at *1 (N.J. Super. App. Div. Jan. 3, 2008), we are not convinced that it provides an appropriate rule for the case at bar. The defendants in *NYDIC* argued that service was insufficient because it was not made upon an officer or designated principal as required by Rule 4:4–4(a)(5). The Appellate Division refused to stand on formalism where service was made upon an employee of the company cloaked with actual and implied authority to accept service, but nowhere did the court cite to Rule 4:4–4(a)(6) as the rule governing LLCs. The court's statement that "[an LLC] is neither a partnership nor an unincorporated association" was not necessary for it to reach its holding, nor is it binding on this Court.

[3] We note here that, even if a due process inquiry were necessary, Waller Capital meets the requirements of general personal jurisdiction for two reasons. First, Waller Capital has maintained six New Jersey-based clients: Authentidate, Retail Decisions, Virgin Mobile, XYZ Corp. since April 2010, Helicon Cable Communications since 1999, and Centennial Communications Corp. from at least 2004 until its sale to AT&T. (Erwin Certification ¶ 4, 5, 8, 9 & Ex. A, B, C.) [#7] Centennial Communications Corp. is no longer a client of the firm and therefore does not factor into this Court's inquiry. Nonetheless, Waller Capital's business relationships with the other five companies constitute "continuous and systematic" ties that would have put Waller Capital on notice of the possibility of being "haled into" a New Jersey court. Second, Defendants have not provided even the slightest suggestion that litigating in New Jersey would be overly burdensome on them. Thus, they have failed to satisfy their burden of showing that jurisdiction would offend the concepts of "fair play and substantial justice."

## CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS this 14th day of October, 2010

ORDERED that Defendants' Motion to Dismiss [#5] is DENIED IN PART and GRANTED IN PART; and it is

ORDERED that Defendant Baker is terminated as a party in this action.

　　　　　　　　　　　　　　　　　　　　　 */s/ Anne E. Thompson*

　　　　　　　　　　　　　　　　　　　　　ANNE E. THOMPSON, U.S.D.J.