NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Christopher ERWIN,

      Plaintiff,

      v.

WALLER CAPITAL PARTNERS LLC, John
WALLER, and Garret BAKER

      Defendants.

Civil No. 10-3283 (AET)

**OPINION**

THOMPSON, U.S.D.J.

### I.    INTRODUCTION

This matter comes before the Court on Plaintiff Christopher Erwin's Motion to Alter Judgment [docket # 29] entered upon a jury verdict after a trial. Defendant Waller Capital Partners LLC ("Waller Capital") opposes the Motion [34]. For the reasons set forth below, the Motion will be denied.

### II.    BACKGROUND

This case centers on a dispute concerning a bonus. Plaintiff worked as an analyst at Waller Capital from 2006 to March 2010, at which time he resigned to attend business school. (Compl. ¶ 2). In August 2009, Plaintiff submitted a compensation proposal, to which Garret Baker, President of Waller Capital, agreed in writing, specifying that Plaintiff was to be paid a base salary of $50,000, payments of $20,000 and $30,000 for bonuses earned in 2008, a full year bonus for 2009, and a partial year bonus for 2010 based on his then undetermined date of departure from the firm.

1

(Compl. ¶ 4).  Subsequently, Plaintiff informed Baker that he would be departing the firm on March 31, 2010.

On March 31, 2010, Plaintiff met with Baker concerning his compensation whereupon he was informed that the firm would be offering him a bonus of $25,000 total for the years 2009 and 2010.   Plaintiff rejected this amount as he believed that, based upon his past experiences and based upon bonuses paid to other employees, he was entitled to approximately $150,000 for 2009 and a partial bonus of $50,000 for 2010.  (*See* Compl. ¶ 7; Certification of George W.C. McCarter ¶ 3).

After a two day trial in which Defendant contended that the amount of the bonus, if any, to be awarded was within its sole discretion, the Jury rendered a verdict in favor of the Defendant, answering the Court's first jury interrogatory, "Did Mr. Erwin prove by a preponderance of the evidence that Waller Capital breached a contract between the parties?" in the negative.  Plaintiff now contends that Waller Capital should be ordered to pay the $25,000 initially offered to Plaintiff. Plaintiff additionally requests an amendment as to Plaintiff's alleged "consent" to withdraw his fraud claim against Waller Capital.

### III.    DISCUSSION

A motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is "a device to relitigate the *original* issue decided by the district court, and [it is] used to allege legal error."  *United States v. Fiorelli*, 337 F.3d 282, 288 (3rd Cir. 2003) (emphasis added).  In order to prevail on a Rule 59(e) motion, the moving party must show one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3rd Cir. 1999).

2

In this case Plaintiff does not contend that there was an intervening change in controlling law or that new or previously unavailable evidence has now come to light.  Rather, Plaintiff contends that the Verdict sheet as adopted by the Court was incomplete as it did not allow the Jury to find that Plaintiff was entitled to the $25,000 originally offered by Defendant.  Plaintiff essentially has proposed an alternative theory of this case, which he did not mention or advance at trial: namely, that even if Plaintiff refused to accept the $25,000 initially offered by Defendant, he nevertheless is entitled to that bonus amount.  Plaintiff, however, cannot use Fed. R. Civ. P. 59(e) as a vehicle to establish a new theory of his cause of action.  *See Gavenda v. Orleans Cnty.*, No. 95-CV-0251E, 2000 U.S. Dist. LEXIS 13915, *15 (W.D.N.Y. September 20, 2000) ("A plaintiff cannot utilize F.R.C.P. 59 as a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.").  Plaintiff had ample time both within the trial and in the Jury Charge conference to suggest that the Jury be instructed to consider whether to award the $25,000 to Plaintiff.[1]  Instead, throughout the course of the proceedings, Plaintiff based his breach of contract case on the theory that Defendant had offered an insufficient bonus amount.

While the Court acknowledges the vagaries of having to present alternative theories of one's case, the Court nevertheless notes that it was Plaintiff's counsel's responsibility to present all theories of recovery on behalf of his client.  The Court is not in a position to reinterpret the Jury's verdict to the extent that Plaintiff requests.  A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004)(citation

---

[1] The Court acknowledges that pre-trial Plaintiff submitted a proposed set of "Special Interrogatories" which asked *inter alia*: "(1) Did Waller Capital agree to pay plaintiff a bonus for 2009 and part of 2010 in an amount in accordance with customary payments to similarly situated employees at Waller Capital?; (2) If so, what is the amount of bonus owed by Waller Capital to plaintiff for 2009?; (3) What is the amount of bonus owed by Waller Capital for the first quarter of 2010?" (Pl.'s Br. Ex. D) [29].  However, the Court is not convinced that this formulation would necessarily have lead to the result Plaintiff seeks.  In any event, because during the actual trial the question of whether Plaintiff should still receive the $25,000 was not adequately raised, the Court finds no error in its formulated Verdict sheet.

omitted).  Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence.  *See Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 1667, 174 (5th Cir. 1990).  Manifest error is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law."  *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004).  The Court does not believe the Jury's verdict rises to such level.  Similarly, the Court sees no need to amend the Judgment to specify that Plaintiff agreed to withdraw his fraud claim after a series of adverse rulings.  Plaintiff's underlying motivations for dropping the count are irrelevant as to the issue of its final disposition.

Moreover, the Court does not believe it needs to alter the Judgment to prevent manifest injustice.  Although the Court is sympathetic to Plaintiff's contention that he earned the $25,000 bonus and that such amount should be awarded to him, in rejecting the bonus and choosing to bring this action, Plaintiff voluntarily subjected himself to the risks attendant to litigation.   Because Plaintiff cannot demonstrate any of the grounds to prevail on a Rule 59(e) motion, the Court must deny Plaintiff's Motion.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, and for good cause shown,

IT IS on this 20th day of March, 2012,

ORDERED that Plaintiff's Motion to Alter Judgment [docket # 29] is DENIED; and it is further

ORDERED that this case is CLOSED.

 */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

4