NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Christopher ERWIN,<br><br>    Plaintiff,<br><br>    v.<br><br>WALLER CAPITAL PARTNERS LLC, John WALLER, and Garret BAKER<br><br>    Defendants. | Civil No. 10-3283 (AET)<br><br>**MEMORANDUM OPINION**<br>**& ORDER** |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter comes before the Court on Defendant Waller Capital Partners LLC's ("Waller Capital") motion to seal certain portions of the trial testimony of Garrett Baker, dated January 19, 2012 [docket # 46]. Plaintiff Christopher Erwin at first opposed the motion [48], but later indicated his consent to the relief sought by Defendant [49]. For the reasons set forth below, the Motion will be granted.

## II. BACKGROUND

This case centers on a dispute concerning a bonus. Plaintiff worked as an analyst at Waller Capital from 2006 to March 2010, at which time he resigned to attend business school. (Compl. ¶ 2) [1]. In May 2010, Plaintiff filed a Complaint seeking damages for breach of contract, conversion, tortuous interference and fraud based on bonus amounts allegedly owed to Plaintiff.

A two day trial with respect to this matter was held before the Court on January 18–19, 2012. During the trial, Garrett Baker, President of Waller Capital, testified on behalf of defendants.

1

At the close of trial, counsel for Waller Capital requested that Mr. Baker's testimony be sealed given the confidential nature of significant portions of his testimony. *See* (Daniels Decl. ¶ 6). Plaintiff did not oppose this request and the Court granted the application. Following deliberations, the Jury rendered a verdict in favor of the Defendant, answering the Court's first jury interrogatory, "Did Mr. Erwin prove by a preponderance of the evidence that Waller Capital breached a contract between the parties?" in the negative. Following the trial, Defendant moved to seal certain portions of the trial testimony of Garrett Baker which purportedly contain Waller Capital's "non-public, confidential Financial Information."

### III.   DISCUSSION

There is a presumptive right of public access to all judicial proceedings and records. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001); *see also Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984) ("Public access to civil trials, no less than criminal trials, plays an important role in the participation and the free discussion of governmental affairs."). To determine whether a court order should shield a document from public disclosure, the Court undertakes a two-step process. It must first determine whether the document is a "judicial record," and if it finds that the document is a judicial record, it must then determine whether the presumption of access is rebutted by the injury that disclosure would cause. *See Republic of the Phillipines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 659–63 (3d Cir. 1991).

Here, there is little question that a transcript of testimony in a civil trial, which had been recorded in open court, transcribed and filed with the Clerk of Court is a judicial record for purposes of determining the public's right of access. *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir.1988); *see also United States v. Martin*, 746 F.2d 964, 968 (3d Cir. 1984) ("The common law right of access is not limited to evidence, but rather encompasses all judicial records and documents. It includes transcripts, evidence, pleadings, and other materials submitted by

2

litigants.") (citations and quotation marks omitted).  Therefore, the Court's inquiry turns on whether the presumption of access to such record is rebutted by the injury that disclosure would cause.

Although the right of access to judicial records is "beyond dispute," it is not absolute.  *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.*  Thus, while courts recognize a strong presumption in favor of public accessibility, courts also permit the sealing of documents when justice so requires.  However, "[t]he burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *In re Cendant Corp.*, 260 F.3d 183, 190 (3d Cir. 2001).  To meet this burden, the moving party must show "good cause." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).  Namely, the moving party must show that the "material is the kind of information that courts will protect" and that it will suffer "a clearly defined and serious injury" if the material is disclosed. *In re Cendant Corp.*, 260 F.3d at 194.  Generally, a court will protect materials containing "trade secret[s] or other confidential research, development, or commercial information" to prevent harm to a litigant's competitive standing in the marketplace. Fed. R. Civ. P. 26(c)(7); *see also Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd*., 529 F. Supp. 866, 889–91 (E.D. Pa. 1981).  "Broad allegations of harm, bereft of specific examples or articulated reasoning," however, are insufficient, on their own, to establish a strong interest in maintaining confidentiality.  *In re Cendant Corp.*, 260 F.3d at 194.

Here, Defendant argues that good cause exists to grant its motion to seal as the testimony purportedly contains non-public, confidential, and proprietary financial information, including Waller Capital's revenue, expenses, profits, losses and the amount of compensation provided to its employees.  It further contends that if those portions of the testimony are not filed under seal, Waller Capital "will undoubtedly sustain a clearly defined and serious injury."  (Def.'s Br. at 5).

After reviewing individually the requests of Defendant, the Court has decided to grant the requested redactions in that they are personal salary offers, rejections, and negotiations between the Plaintiff and Defendant. It is the kind of personal information which a competitor might be curious about but not the general public.

The Court is persuaded that Defendant may suffer a competitive disadvantage if such information were disclosed to the public. The testimony contains confidential internal information regarding the firm's revenue, expenses, profits, losses and the amount of compensation provided to other employees in which the public's interest in disclosure is minimal. The Court further finds that Waller Capital has a legitimate private interest in maintaining the confidentiality and preventing the public dissemination of this highly sensitive financial information. After carefully balancing the preference for access to judicial records with the need for secrecy, the Court will order that these portions of the transcript be redacted.

## IV.   CONCLUSION

For the reasons set forth above, and for good cause shown,

IT IS on this 6th day of August, 2012,

ORDERED that Defendant's Motion to Seal [docket # 46] is GRANTED; and it is further

ORDERED that the following portions of the Baker Trial Testimony shall remain sealed pursuant to Local Civil Rule 5.3(c):

Page 12, Lines 17-19
Page 14, Lines 3-10; 21-25
Page 15, Lines 1-10
Page 16, Lines 1-25
Page 17, Lines 1-25
Page 18, Lines 1-25
Page 19, Lines 1-25
Page 20, Line 1

Page 24, Lines 5-23

Page 25, Lines 18-25

Page 26, Lines 1-21

Page 28, Lines 11-20

Page 30, Lines 5-10

Page 32, Lines 13-25

Page 33, Lines 1-11

Page 34, Lines 7-10

Page 36, Lines 21-25

Page 37, Lines 1-3

Page 39, Line 25

Page 40, Lines 1-2 and Lines 14-25

Page 41, Lines 1-13 and Lines 23-25

Page 42, Lines 1-2 and Lines 11-18

Page 43, Lines 18-20

Page 44, Lines 2-6 and Lines 17-20

Page 45, Lines 17-19

Page 46, Lines 16-25

Page 47, Lines 1-7 and Lines 15-18

Page 49, Lines 3-7 and Lines 13-18

       */s/ Anne E. Thompson*
       ANNE E. THOMPSON, U.S.D.J.